

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Bexar Co*

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir;                          Attention: Mr. W. Pat Camp

                                   Opinion No. O-2797
                                   Re: Tabulation of absentee votes
                                       in counties in which voting
                                       machines have been adopted
                                       for use.

        Your letter of October 1, 1940, requesting a legal
opinion from this Department, reads in part as follows:

        "Will you please render an opinion regard-
ing the method to be pursued in the county in the
tabulation of absentee votes, where voting machines
are used throughout the county.

        ". . .

        "The practice has heretofore been followed of
permitting the presiding officer in each precinct
to indicate on the machine the vote as shown by the
absentee votes, between the hours of two and three
o'clock as provided by law. It is our opinion that
these votes should be counted and tabulated as the
statute provides."

        Absentee voting in a county where voting machines
are adopted for use is controlled by Section 7 of Article

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Shook, Page 2


2997a, Revised Civil Statutes of Texas (as amended, Acts 1937, 45th Leg., 2nd C. S., p. 1953, Ch. 52, § 3; Acts 1939, 46th Leg., p. 301, § 2).

This statute empowers the authority charged with holding an election, in counties in which voting machines are adopted for use, to determine by proper resolution and/or order whether or not voting machines shall be used for the casting of absentee votes. It reads in part as follows:

Section 7. "Absentee Voting. -- In counties in which voting machines are adopted for use, the authority charged with holding an election shall within its discretion determine by proper resolution and/or order whether or not voting machines shall be used for the casting of absentee votes at such election. . . ."

If it is determined that the casting of absentee votes shall be by the use of voting machines, the tabulation of such votes is controlled by the following provisions of the statute:

". . . and if it be determined by such authority that voting machines shall be used for the casting of absentee votes at such election, a voting machine or machines shall be placed in the County Clerk's office, if an election held at the expense of the county, or if a primary election, and if a city or town election in the office of the city or town secretary and if a school district or other election, in a public place designated within the boundaries of such district or election, with the ballot of the election thereon as required by law and those entitled under the law, shall cast their vote on such machine or machines as the case may be, under the laws not applicable to absentee voting; except that the machine or machines shall be sealed at the close of the day's voting in the presence of authorized watchers, of all persons interested, if any, and such seal shall be broken in the presence of such authorized watchers, if any, the following morning when voting shall begin by the person authorized by law and charged as the authority holding such elec-

tion. When absentee voting is legally concluded at an election or primary election, such voting machines shall be locked and sealed in the manner prescribed for precincts, to be kept intact until 7 A.M. of the day of the election or primary election, at which time the machine or machines shall be opened and the vote canvassed by the Election Board holding such election as provided by law, and if a primary election, by the Chairman and the Executive Secretary of the Executive Committee of the political party holding same, and the results of such canvass shall be returned by sealing and delivering same to the proper authority as provided by law and such results and/or returns shall be tabulated and canvassed in the same manner and together with the tabulation and canvassing of the returns from other voting precincts; however, provided that the results of such absentee votes shall not be announced or made public until after 7 P.M. of the day of the election, or primary election, when such results shall be announced and made public together with the general results of the election by proclamation of same as provided by law. Upon such machine and/or machines in use for absentee voting being opened and the vote canvassed, the same shall be immediately prepared and set for voting as provided by law and shall be used, if necessary, in any voting precinct of said election or primary election, then being held. . . ."

If, however, the authority charged with holding an election shall properly determine that absentee votes shall be cast by a paper ballot, the counting of such votes is controlled by the following provisions of the statute:

"Should the authority charged with holding an election determine by such resolution as above provided, that absentee votes cast at such election be cast by a paper ballot, then, and in such event, the authority charged with holding such election shall provide a ballot for the casting of absentee votes as prescribed and provided by the general laws applicable to elections and to absentee voting and those entitled under the law shall cast their vote by such ballot under the laws applicable to absentee voting, providing, how-

Honorable John R. Shook, Page 4

ever, that on the day of such election and in the presence of the election officers one of the judges of election shall, between the hours of 2 p.m. and 3 p.m. open the carrier envelope only as provided by the laws applicable to absentee voting, announce each and every one of the electors' names and compare the signature upon the application with the signature upon the affidavit on the ballot envelope. In case the election judges find the affidavits duly executed, that the applicant is a duly qualified elector of the precinct and that he has not voted in person at said election, they shall open the envelope containing the elector's ballot in such manner as not to deface or destroy the affidavit thereon, take out the ballot therein contained in the presence of the watchers, if any, without permitting same to be unfolded or examined. Such absentee ballot shall thereupon be endorsed by the presiding officer of such voting precinct in such election and deposited in an 'Absentee Ballot Box', providing for such purpose and the same of each elector voting such absentee ballot shall be entered in the poll list and numbered the same as if he had been present and voted in person as such absentee ballots are deposited in said absentee ballot box. After all such absentee ballots have been deposited in such absentee ballot box, the officers of such election shall designate such of their number as will not interfere with the uninterrupted use of voting machines by the voters during said election, to thereupon immediately proceed to open such absentee ballot box, count and/or tally such absentee ballots, and return the canvass thereof together with the canvass and returns of the votes cast on voting machines and on the forms as provided by law. Such tally and/or count of such absentee ballots shall be completed and be available for the making of returns at the time of the closing of the polls at such election. . . ."

We construe your letter as seeking the opinion of this Department upon the specific question of whether absentee votes may be indicated on a voting machine when absentee voting by paper ballot has been properly authorized.

In such situation the statute does not, in our opinion, authorize the use of voting machines.

Honorable John R. Shook, Page 5

It is observed that the statute provides, after the absentee votes have been deposited in an "absentee ballot box", that "the officers of such election shall deisgnate such of their number as will not interfere with the uninterrupted use of voting machines by the voters during said election, to thereupon immediately proceed to open such absentee ballot box, count and/or tally such absentee votes, and return the canvass thereof together with the canvass and return of the votes cast on voting machines and on the forms as provided by law. Such tally and/or count of such absentee ballots shall be completed and be available for the making of returns at the time of the closing of the polls at such election." (Emphasis ours.)

These provisions of the statute contemplate the counting of absentee votes, when cast by a paper ballot, separate and apart from the tabulation of the votes cast on voting machines on election day, that such tabulation shall be presented on forms as provided by law, and that it shall be available and completed at the time of the closing of the polls at such election.

The statutory direction that "the officers of such election shall designate such of their number as will not interfere with the uninterrupted use of voting machines by the voters during said election" is, it is believed, merely a requirement that the personnel of the officers holding the election shall not be reduced to the point of interference with the uninterrupted use of voting machines by the voters on the day of the election by reason of the absence of those engaged in counting the absentee votes. It is the personnel of the election officers that shall not be reduced to such point rather than the number of voting machines available to the voters, and therefore does not indicate a legislative requirement that the voting machines are to be used in the tabulation of absentee votes when such votes were cast by a paper ballot.

Accordingly, you are respectfully advised that it is the opinion of this Department that voting machines may not be used in the counting of absentee votes cast by paper ballots in counties where voting machines are adopted for use, when, pursuant to Section 7 of Article 2997a, as amended, the authority charged with holding the election has determined that absentee

Honorable John R. Shook, Page 6


votes at such election shall be cast by a paper ballot.
The counting and canvass thereof must be separate and apart
from that of the votes cast on election day by the use of
the voting machines, and in the manner provided for in the
statute and discussed hereinabove.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley<br>Assistant

ZCS:BBB



APPROVED OCT 10, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN